PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

FILED by **RG** D.C.
AUG 28 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

| United States District Court | District: SOUTHERN |
|---|---|
| Name (under which you were convicted): **CHARLES MCBRIDE** | Docket or Case No.: |
| Place of Confinement: **DESOTO CORRECTIONAL INSTITUTION** | Prisoner No.: **053511** |
| Petitioner (include the name under which you were convicted) **CHARLES MCBRIDE** | Respondent (authorized person having custody of petitioner **SECRETARY, DEPARTMENT OF CORRECTIONS** |

v.

cat / div **2254/570/MIAMI**
Case #
Judge _____ Mag _____
Motn Ifp _____ Fee pd $ _____
Receipt # _____

The Attorney General of the State of: Florida

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: **11th Judicial circuit Miami-Dade County, Florida.**

   (b) Criminal docket or case number (if you know): **F76-1112A**

2. (a) Date of the judgment of conviction (if you know): **May 1976**

   (b) Date of Resentencing: **May 1976**

3. Length of sentence: **LIFE**

4. In this case, were you convicted on more than one count or of more than one crime? **No**

5. Identify all crimes of which you were convicted and sentenced in this case: **Count one: First Degree Murder;**

6. (a) What was your plea? (Check one): **guilty**

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **N/A**

   (c) If you went to trial, what kind of trial did you have? (Check one): **N/A**

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing? **N/A**

8. Did you appeal from the judgment of conviction? **No**

9. If you did appeal, answer the following:

   (a) Name of court: **N/A**

   (b) Docket or case number (if you know): **N/A**

   (c) Result: **N/A**

   (d) Date of result (if you know): **N/A**

   (e) Citation to the case (if you know): **N/A**

PROVIDED TO DESOTO C.I.
8-21-18 FOR MAILING
INMATE INITIALS _McB_
OFFICER INITIALS _____

  (f) Grounds raised: **N/A**

  (g) Did you seek further review by a higher state court? **N/A**

  (h) Did you file a petition for certiorari in the United States Supreme Court? **No**

   If yes, answer the following:

   (1) Docket or case number (if you know): **N/A.**

   (2) Result: **N/A**

   (3) Date of result (if you know): **N/A**

   (4) Citation to the case (if you know): **N/A**

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? **Yes**

11. If your answer to Question 10 was "Yes," give the following information:

 (a) Name of court: **The 11th Judicial Circuit Court. Miami-Dade, Florida**

  (2) Docket or case number (if you know): **F76-1112A**

  (3) Date of filing (if you know: **November 6, 2016**

  (4) Nature of the proceeding: **Motion to Correct Illegal Sentence**

  (5) Grounds raised: (a) that the hard labor portion of his sentence was illegal and (b) his natural life sentence was illegal because the court was without authority to impose a non-parole eligible sentence under § 775.082(1) (1976).[1]

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion? **No**

  (7) Result: The lower court corrected Petitioner's sentence without a hearing.

  (8) Date of result (if you know): **September 14, 2017**

 (b) If you filed any second petition, application, or motion, give the same information:

  (1) Name of court: **N/A**

  (2) Docket or case number (if you know): **N/A**

  (3) Date of filing (if you know): **N/A**

  (4) Nature of the proceeding: **N/A**

  (5) Grounds raised: **N/A**

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion? **N/A**

  (7) Result: **N/A**

---

[1] On the March 2, 2017, the lower court granted Petitioner's motion; and amended the Petitioner's Judgment and Sentence to reflect the new sentence of Life without the "hard labor" sanction. 1 Year Federal Habeas deadline commenced 90 days later after the appeal of this motion was final, which, was September 14, 2017

(8) Date of result (if you know): **N/A**

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Date of filing (if you know): **N/A**

(4) Nature of the proceeding: **N/A**

(5) Grounds raised: **N/A**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? **N/A**

(7) Result: **N/A**

(8) Date of result (if you know): **N/A**

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: **Yes**

(2) Second petition: **N/A**

(3) Third petition: **N/A**

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forty all the grounds in this petition, you may be barred from presenting additional grounds at later date.[2]:

**GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL CAUSED PETITIONER'S INVOLUNTARY PLEA**

Supporting Facts (Do not argue or cite law. Just state facts that support your claim):

The Petitioner's plea to first degree murder was involuntarily entered, which was caused by any one of trial counsel's errors. Trial counsel was ineffective in *five (5)* instances, depriving Petitioner of a fair proceeding and right to a fair trial.

If not for any one of the omissions of counsel's errors, there is a reasonable probability that the Petitioner would not have entered a plea; but would have instead insisted on going to trial. There is a reasonable probability that but for counsel's unprofessional errors the outcome would have been different. There is a reasonable probability sufficient enough to undermine the confidence in the outcome of the proceedings. The Petitioner's decision to enter a plea to first degree murder was based solely

---

[2] To the extent that any of the ineffective assistance of counsel claims may not be fully exhausted in the state court, Petitioner invokes the Authority of *Martinez v. Ryan,* 566 U.S. 1, 132 S.Ct. 1309 (2012) because in his state's initial review proceeding i.e. 3.850 proceeding, there was no counsel appointed to assistance Petitioner in preparing a motion.

3

on counsel's unprofessional conduct The following are the specific omissions of counsel errors which caused Petitioner's plea to be entered involuntarily.

**Omission One: Counsel Told Petitioner That He Would Not Be Allowed To Testify At Trial.**

Petitioner presents that before he decided to enter a plea to first degree murder, he spoke with counsel about the circumstances of this case. Petitioner told counsel about the details of the case. Petitioner told counsel what took place in this case. How he did not know about what was going to take place. Petitioner told counsel that he wanted to tell his side of the story.

Several times before actually entering the plea, Petitioner spoke with counsel about being able to testify. Every time counsel told Petitioner that it was not a good idea. Counsel told Petitioner that the only way that he would be able to testify to tell his side of the story would be at a trial. However, counsel specifically told Petitioner that he would not under any circumstances allow him to testify if there was a trial. Counsel told Petitioner that no matter what the court said, it was counsel's decision alone to allow his client to testify or not.

Counsel told Petitioner that since he thought that Petitioner would not do well on the stand at a trial, there was no way that he would allow him to testify in front of a jury. Counsel told Petitioner that a general rule, under the circumstance of this case, he does not allow a defendant to testify.

Petitioner's decision to enter a plea was based on what counsel told him about not allowing him to testify at a trial.

Absent counsel telling Petitioner this, Petitioner would have insisted on going to trial, where he would have insisted on testifying and telling his side of the story.

Had Petitioner testified at a trial, he would have testified that he had no premeditated thought to kill anyone, nor did he have the intent to kill anyone. Had Petitioner testified at trial there is a reasonably probability that a jury would not have found Petitioner guilty of first degree murder.

Therefore, absent counsel's error there is a reasonable probability that the outcome would have been different.

Petitioner is entitled to relief.

**Omission Two: Counsel Misadvised Petitioner That He Could Not Change His Mind About Entering A Plea.**

Petitioner tenders that on the day that he entered the plea of guilty to first degree murder i.e., *May of 1976*; and before he actually entered the plea, he specifically spoke with counsel about not entering into the plea. Petitioner told counsel that he had changed his mind about the plea. Petitioner told counsel that he wanted to go to trial. Petitioner told counsel that he believed that he had a good chance of being found not guilty of first degree murder.

Although, the Petitioner insisted on not going through with the plea, counsel particularly told Petitioner that it was too late. Counsel told Petitioner that "we have come too far to turn back now". Counsel told Petitioner that he could not change his mind about entering a plea. Counsel seemed to be very disturbed with Petitioner's decision to want to go to trial instead. Counsel told Petitioner that he cannot tell the court about changing his mind regarding the plea. Counsel told the Petitioner that if he went

4

to trial and lost he would automatically receive the death penalty. Counsel told the Petitioner that he automatically qualified for the death penalty.

Petitioner's reason for sticking with the plea deal was solely based on what counsel told him. Based on what counsel told Petitioner, he believed that it was too late to change his mind about the plea; and that he could not ever mention this to the court. Based on what counsel told Petitioner about the death penalty, Petitioner changed his mind about going to trial and decided to follow counsel advice to enter the plea.

Had counsel not misadvised Petitioner, he would have insisted on going to trial. The Petitioner found out later that he did not automatically qualify for the death penalty and there would have to be a separate hearing in front of a jury. At a trial there is a reasonable probability that a jury would not have found Petitioner guilty of first degree murder.

Petitioner's plea for first degree murder was involuntarily entered; and caused by counsel's error.

Absent counsel's misadvice there is a reasonable probability that the outcome would have been different.

Petitioner is entitled to relief.

**Omission Three: Counsel Failed To convey plea offer to the state**

Petitioner submits that trial counsel failed to convey a plea offer to the state. Before deciding to enter into the plea to first degree murder and life with 25 year mandatory, the Petitioner spoke with counsel about making a plea offer to the state. The Petitioner specifically requested that counsel convey to the state that he was willing to enter into a plea to second degree murder for a straight 25 year prison sentence. Counsel told Petitioner that he would not take that plea to the state because it was not legally possible for the state to agree to such a plea. Counsel told the Petitioner that this was the kind of case that required a death penalty hearing, therefore, the state could not legally accept a plea for a lesser crime. Counsel told Petitioner that since the alleged victim was shot during a robbery, the state could not legally request the charge to second degree murder with robbery.

At no point did counsel explain to Petitioner what it meant to be charged under § 782.04 with premeditated first degree murder or felony murder.

Counsel was aware of the circumstances surrounding this case. This is because Petitioner told counsel about the circumstances.

As petitioner continued to request that counsel convey the specific plea offer the state, counsel continued to refuse to convey Petitioner's offer. Counsel flat out told Petitioner that he absolutely refuse to convey Petitioner's plea. However, counsel did speak with the state but not about Petitioner's offer. Instead counsel came to Petitioner with supposedly the only offer made by the state. Counsel told Petitioner that he did not mention Petitioner's offer to the state. On top of that, counsel told Petitioner that since he was facing the death penalty, the strategy of this case would be all or nothing.

At no point before advising Petitioner to enter a plea, did not counsel advise Petitioner on the law or the requirements of the law regarding first degree murder or second degree murder.

5

Petitioner entered a plea to first degree murder not knowing anything about the nature of the charge against him or what the State was required to establish at a trial.

Had counsel told conveyed Petitioner's offer to the state, there is a reasonable probability that the court would have accepted the offer, the state would have accepted the offer, and Petitioner's offer would have resulted in a lesser sentence than the one the Petitioner ultimately received based on counsel's omission.

Petitioner's decision to enter into a plea to first degree murder and life with a 25 year mandatory was solely based on counsel refusal to convey his plea offer of second degree murder and a straight 25 year prison sentence. Counsel ultimately advised Petitioner to enter into the maximum penalty under the law. After, entering into the plea to first degree murder and life in prison, the Petitioner found out that he was not actually facing the death penalty, as counsel had told him, he had been advised to enter into a plea for the maximum penalty for first degree murder.

There is a reasonable probability that absent counsel's error, the outcome of the proceedings would have been different. Absent counsel's error, the Petitioner would not have entered into the maximum penalty; would have insisted on proceeding to trial.

Petitioner is entitled to relief.

**Omission Four: Counsel Advised Petitioner To Enter A Plea To Premeditated Murder Where There Was No Factual Basis To Support The Charge.**

Petitioner submits that the state court's record demonstrates that there are no factual bases in the record to support the Petitioner's guilty plea to first degree murder.

Although there were no factual bases in the record or presented by the State to support a plea to first degree murder, counsel advised Petitioner to enter a plea to that charge.

Also at no point during the plea proceedings did counsel bring to the attention of the court that there are no factual bases to support a plea to premeditated or felony murder.

In spite of the lack of factual basis to support counsel specifically advised Petitioner to plead guilty to the maximum sentence to the that charge because it was in his best interest.

Absent counsel's error, Petitioner would not have entered a plea; but would have insisted on going to trial.

Had counsel properly acted, there is a reasonable probability that the outcome of the proceedings would have been different.

Petitioner is entitled to relief.

**Omission Five: Counsel Misadvised Petitioner To Enter An Illegal Plea Agreement.**

Petitioner submits that the state court's record demonstrates that trial counsel represented and advised Petitioner to enter into a illegal plea agreement and sentence to hard labor.

6

Counsel was aware or should have been aware that law prohibited a sentence of hard labor. However, counsel still advised Petitioner to enter into an agreement and sentence that included an illegal hard labor sanction. At no point did counsel tell Petitioner that the hard labor sanction was illegal. Petitioner was not aware at the time of entering his plea that hard labor was an authorized sanction. Had Petitioner known at the time of entering a plea that the hard labor was un-authorized, he would not have entered in the illegal plea agreement. Had counsel not advised Petitioner to enter into the illegal plea, Petitioner would not have entered into the illegal plea; but would have insisted on proceeding to trial.

There is a reasonable probability that absent counsel's error, the outcome of the proceedings would have been different. Absent counsel's error, the Petitioner would not have entered into the maximum penalty; would have insisted on proceeding to trial.

Petitioner is entitled to relief.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One: No**

(1) If you appealed from the judgment of conviction, did you raise this issue? **No**

(2) If you did not raise this issue in your direct appeal, explain why: **No appeal was filed**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **No**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(3) Did you receive a hearing on your motion or petition? **N/A**

(4) Did you appeal from the denial of your motion or petition? **N/A**

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? **N/A**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: I was not appointed postconviction counsel to raise these issues.

7

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

### GROUND TWO: PETITIONER WAS DENIED A FEDERAL CONSTITUTIONAL RIGHT TO PROCEED TO TRIAL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

Petitioner submits that he had a federal constitutional right to proceed to trial after the trial court corrected an illegal sentence that was based on a plea.

The state court record reflects that on **November 6, 2016**, Petitioner filed a motion to correct illegal sentence. In that motion Petitioner challenged his sentence on the basis that it was illegal because he was sentenced to confinement at hard labor in the state penitentiary; and to a nature life sentence.

On *March 2, 2017* the state trial court agree with Petitioner that his sentence was illegal on the basis that it was an illegal sentence to impose a sanction of "hard labor" and corrected Petitioner's sentence. However, in correcting the sentence, the court simply made changes to Petitioner's sentence without allowing him to withdraw his plea and proceed to trial as sought by his motion.

The state trial court did not vacate the judgment and sentence; as is should have done in order to correct an illegal sentence that was based on a plea agreement. Instead the court just amended the judgment and sentence to reflect the corrections without the Petitioner being present. Because Petitioner's illegal sentence was based on a plea agreement, which federal due process required his presence to enter, that same due process required Petitioner's presence to correct that agreement. The entering into and the correction of plea agreement is critical stage of the trial proceeding which require that Petitioner is present.

Petitioner had a federal right to proceed to trial because his original sentence and plea was based on an illegal sentence and plea.

The state court judgment of conviction must be vacated. The Petitioner must be allowed to proceed to a jury trial as provided by the federal constitution.

Petitioner is entitled to have his judgment and sentence vacated; and allowed to proceed to trial.

(b) If you did not exhaust your state remedies on Ground Two, explain why: **N/A**

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? **No**

(2) If you did not raise this issue in your direct appeal, explain why: **Petitioner attempted to appeal but the court dismissed the appeal on the basis that the motion was granted.**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **No**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(3) Did you receive a hearing on your motion or petition? **N/A**

(4) Did you appeal from the denial of your motion or petition? **N/A**

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? **N/A**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **No postconviction counsel was attempted to raise this issue.**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

## GROUND THREE: N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? **N/A**

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **N/A**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(3) Did you receive a hearing on your motion or petition? **N/A**

(4) Did you appeal from the denial of your motion or petition? **N/A**

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

## GROUND FOUR: N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? **N/A**

(2) If you did not raise this issue in your direct appeal, explain why: **N/A**.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **N/A**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(3) Did you receive a hearing on your motion or petition? **N/A**

(4) Did you appeal from the denial of your motion or petition? **N/A**

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? **N/A**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction: **No**

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: **N/A**

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: **N/A**

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? **No**

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. **N/A**

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? **No**

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing:

   (b) At arraignment and plea:

   (c) At trial: Assistant Public Defenders:.

   (d) At sentencing: Assistant Public Defenders:

   (e) On appeal: Assistant Public Defender:

   (f) In any post-conviction proceeding: **Pro Se**

   (g) On appeal from any ruling against you in a post-conviction proceeding: **Pro se**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? **No**

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed:

   (c) Give the length of the other sentence:

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained I 28 U.S.C. § 2254(d) does not bar your petition.*

11

> Although the Judgment of Conviction became final on September 14, 2017, this Petition is timely due to the tolling effect of multiple properly filed Petitions and Postconviction motions. 28 U.S.C. Section 2244(d)(2):
>
> - **On March 2 2017**, Petitioner was Resentenced in Case No. F76-1112A.
>
> - **On June 14, 2017**, the resentence became final after the appeal of the resentencing was ruled on by the state district court of appeal.
>
> - 1 Year Federal Habeas deadline commenced 90 days later on **September 12, 2017**[3]
>
> - Federal Habeas Filing deadline is **September 12, 2018**.

---

The Antiterrorism and Effective Death Penalty Act f 1996 ("AEDPA") as contained in 28 U.S.C. § 2254(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: To reverse and remand to the trial court for new trial or post-conviction evidentiary hearing, or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on the **21** day of *August* 2018 (month, date, year)

Executed (signed) on the **21** day of *August* 2018

_McBride C_____
**CHARLES MCBRIDE #053511** (Petitioner)

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

---

[3] *Magwood v. Patterson*, 130 S.Ct. 2788, 2802-2803 (2010) (§ 2244(b) allows a petitioner who obtains a conditional writ as to his sentence to file a subsequent application challenging not only his resulting, new sentence, but also his original, undisturbed conviction.)

_____
_____
_____
_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true copy of the foregoing 2254 Petition has been provided to Desoto Correctional Institution staff for mailing in postage pre-paid envelope addressed to: the **United Governments District Court the Southern District at: 400 N. Miami Avenue 8th Floor Miami, Florida 33128** on this ___4___ day of *August* 2018.

*McBride C*
**CHARLES MCBRIDE #053511**
DeSoto Correctional Institution
13617 Southeast Highway 70
Arcadia, Florida 34266-7800



Charles McBride #DS3511
DeSoto Correctional Annex
13617 S.E. Hwy 70.
Arcadia, Fla. 34266
C-2-111

Legal Mail

TO: Clerk of Court
United Governments District Court.
THE Southern District
400 N. Miami Avenue. (8th Floor.
Miami, Florida. 33128.

USMS
INSPECTED
RECEIVED FROM STATE
CORRECTIONAL INSTITUTION

PROVIDED TO DESOTO C.I.
8-21-18 FOR MAILING
INMATE INITIALS
OFFICER INITIALS